Next case on our call is agenda number six, number 130173, People of the State of Illinois v. Deshaun Wallace, counsel of the appellate. Good morning, Your Honors. I'm Stephanie Buente from the Office of the State Appellate Defender on behalf of the appellate, Deshaun Wallace. Deshaun Wallace should not be deemed an armed habitual criminal based merely on an armed robbery he committed when he was only 17 years old. When Wallace was charged with armed habitual criminal in 2019, a juvenile's adjudication for armed robbery could not serve as a predicate offense due to the legislator's intent to treat juvenile offenders different than adults. Given that the AHC statute is written in the present tense and takes into consideration society's evolving standards, in 2019, Wallace's prior armed robbery would presumptively have been tried in juvenile court and therefore cannot serve as a predicate offense as a matter of law. Nor is this conclusion in conflict with the statute's purpose because Wallace is not a habitual violent offender. Rather, his subsequent offenses were merely possessory and they all stem from the armed robbery. Because Wallace has only one prior predicate conviction, the state cannot sustain the AHC charge. Your Honor, the facts are undisputed in this case. At the time of the arrest, Wallace had a gun. He also had two prior offenses. Therefore, this issue is merely purely statutory. Whether under the law, the offense qualifies as a predicate offense. And our position is that to undertake that analysis, this court must reference, do a cross-reference to multiple parts of the code, as well as the JCA, to determine if the prior offense is now qualifying a predicate conviction. And there are four reasons why this court needs to look at the current law. And that is that here under subsection A1 of the statute, which Wallace was convicted, the terms as defined in this code are in the present tense, which would require the court to look at the law. Because the code, this code, applies both to juveniles and adults, since juveniles can be adjudicated for the offense of armed robbery in a juvenile court, we're required to look at where and which court the offense would be tried at. And this is further supported by the present tense in subsections A2 and A3, which talk about, as described, it is punishable. Notably, in People v. Gray, the state conceded that in interpreting and determining a predicate offense for an individual criminal, we must consider society's evolving standards, and in that case, it was towards cannabis. And that's because by focusing on the current version of those statutes, the statute of the legislator allowed for the fact that society's attitudes towards drugs change over time, so that what was before classified as a Class III, which would now be classified as a Class IV offense, would not be able to serve as a predicate. And we see no reason why we should treat changes in society's attitudes towards cannabis any differently than our changing attitudes towards juveniles, their culpability, and punishment. And a court did that in Stewart, and although Stewart addressed the Class X sentencing statute, it did reinforce that there are certain offenses that an adult committed when he was a juvenile that should not qualify as a class X offense. Counsel, isn't Stewart distinguishable from the facts here? Sure, it is a different offense. There was a temporal language in the statute, this, but we believe that it should be treated the same, given the present tense in the Subsection A-1 and the other statutes, how it's read as a whole, and the fact that the AOT statute refers to other parts of the code that are also written in the present tense. Counsel, has this issue been forfeited? I know that neither party has raised it, but is it correct that your client did not raise this issue until, you know, he didn't raise the issue, well, he raised the issue for the first time on appeal? Correct, Your Honor. But our position is it's not forfeited. We raised it under ineffective assistance of counsel for counsel's failure to not challenge this, preferably in pretrial, since although we did not have the benefit of gray at the time, a similar argument was raised in Miles, and that was available to defense counsel. And then my other question is, what about the fact that although, you know, you're saying that this should not be used as a predicate offense because of the change in the statutory language, that change also still includes a discretionary transfer, right, to adult court? Correct, Your Honor, and our position would be that Wallace's offense would have not been discretionally transferred to the adult court. But that's just speculation, right? We don't know that. Well, we do have facts on the record that would allow to make that judgment. Again, the task is how is the prior offense, does it meet the statutory definition? And that could easily be resolved without even addressing discretionary transfers because it's not one of the – armed robbery doesn't automatically get transferred. There's no presumptive transfer. But even under discretionary transfer, he was a first-time offender. He had no background. There was nothing – none of the facts that are in the PSI that weren't available to the state at sentencing and that they relied on to make arguments at sentencing. Nothing – none of those facts showed that the juvenile court was not the appropriate place where the case could not have been resolved. Also, there's – the study from the Illinois Juvenile Justice Commission has shown that discretionary transfers have been really rare. In Cook County, where this case stems from, there was none. And throughout the state, there's only been two. Although it's not the state's burden to say – I mean, it's not Wallace's burden. It's the state's burden. Whether the motion would have been made and whether it's been successful, our position is, based on the facts that we have, it wouldn't. It would have remained in the juvenile court. And, again, this doesn't involve fact-finding because it's a matter of statutory interpretation and whether the offense is a predicate under it as a matter of law. So we're not injecting age as an element of offense or asking for the 2014 Amendment to the Juvenile Court Act to be applied retroactively. But, yes, our position would be that it would remain presumptively. Counsel, if the legislature had meant to say that courts have to determine whether an offense is committed when a defendant is 17, wouldn't the legislature – or couldn't they have spelled that out in the new – under the current statute? Couldn't that have been clearly – the statute doesn't say that. You're asking that we assume that that's what they meant, but couldn't they have clearly put that into the language of the statute? They could have amended the statute, but they haven't amended the statute. And it's possible it's because of the – since the 2014 Amendment, these offenses have not been used because they're not adjudication. So the legislator might have felt that the 2014 Amendment was sufficient in and of itself. But, yes, you are correct that, unlike Stewart, there was no amendment to specify. But based on the plain language, a conviction is adult conviction. It doesn't take into consideration juvenile convictions. And by not amending it, the legislator thought that the word conviction was referred only to adult convictions. And, of course, you had to address that. And this is not unworkable. This is just a cross-reference that's done multiple times by the court. It's done in other cases where, for example, the court's determining whether a traffic offense is a violation of motor vehicle code versus whether it's a violation of the federal code. And so, again, just – it's a cross-reference that's done every day by attorneys and judges. And we would – our position would be this would be perfectly addressed in a pretrial proceeding. Briefly, I'd like – and, again, this goes also with the purpose of the act. Our position would not conflict with the purpose, which is to curb violence but also to punish an offender for his current level of dangerousness. Juvenile adjudications, they don't – in and of itself, they do not fall within the scope of the AHC because juveniles are deemed less culpable than adult offenders. And a juvenile prior is likely to be less probative of reoffending. And that's what happened here. Sure, the first offense – his first offense ever was armed robbery. But since then, he's merely committed possessory offenses, and even the underlying conduct is not violent. So his current level of dangerousness is not reflected by the armed robbery conviction that – or by the armed robbery offense he committed when he was 17 years old. Briefly, I want to discuss the alternative argument. In case this court was to determine that the statute was ambiguous, as it did in – or as it did in the class of Stewart – did in Stewart, we would say that – which is possible since the legislature is silent as to whether a prior offense, which would now result in juvenile adjudication, is a qualifying offense. And there is a split in the appellate court over this issue. We have Irrelevant and Wallace. And we have Collins and Johnson, which we attached to the appendix of our reply brief, that has found that prior offenses committed by juveniles cannot serve as predicate offenses for the AHC. And also, the parties' disagreement is illustrative of the split. Therefore, if the court was to find that the statute was ambiguous, we would ask for the rule of lenity to apply on the statute to be construed in favor of Mr. Wallace. And again, just – this is a very similar analysis that is still being done right now, even under the AHC statute. For example, in Carter, there was cross-references that were done to make – to determine whether the state had proved whether the evidence established that the offense resulted in great bodily harm or permanent disability or disfiguration. So this is just something like that would be a cross-reference to see if the conviction was sufficient under – of the offense qualified as a conviction under the law. If your honors have no further questions, I would like to reserve the rest of my time for a rebuttal. And we would ask, based on the arguments raised in the brief and today, that you would remand for – for resentencing on the lesser-included offense of unlawful use of a weapon by a felon. Thank you very much. Counsel Frably. Good morning, your honors. May it please the court, counsel. I'm Assistant Attorney General Michael Cibula on behalf of the people of the state of Illinois. The appellate court has repeatedly rejected defendant's interpretation because it's contrary to the plain language of the Armed Availability Criminal Act. As courts have recognized, the plain language of the act reflects that the General Assembly has serious concerns about gun violence, particularly the threat posed by repeat felons who possess guns. A defendant today is asking his court to believe that even though we all know the General Assembly has serious concerns about gun violence, the General Assembly doesn't want the act to apply to someone if one of their prior convictions in adult court was for a forcible felony that came in when they were 17. However, as the appellate court has repeatedly held, the plain language of the act is contrary to that interpretation. Under the plain language, and I think it might be helpful to clarify this because counsel mentions the plain language but doesn't really go into detail or discuss it, the plain language, there's two requirements for a prior offense to be a qualifying offense. The first looks to the past and asks whether the defendant was convicted. The second looks at the type of offense that was committed. Here, there's not really a dispute that defense prior offense, which is armed robbery, meets that first requirement. Everyone agrees that the defendant was found guilty in adult court committing armed robbery and sentenced to six years in prison. And it's been settled for many years that the statutory definition of conviction includes a guilty plea or guilty verdict in adult court. So the fact that the defendant was 17 doesn't matter for that element. The defendant has said that his argument really focuses on the second requirement, which looks at the type of offense that was committed. Well, again, as the appellate court correctly found, armed robbery plainly meets the second requirement as well. The Armed Provisional Criminal Act lists a large number of offenses that can serve as qualifying offenses. In this particular case, we're looking at subparagraph 1, which states that qualifying offenses include forcible felonies as defined in section 2-8 of the code. As the appellate court correctly said, when we look at the current version of the criminal code, we look at the current version because, as counsel said, it's in the present tense. Under the current version of section 2-8 of the criminal code, which lists forcible felonies, that lists armed robbery. So armed robbery meets that requirement. The fact that the defendant was 17, as the appellate court has repeatedly held, is irrelevant under the plain language of the statute. Because when we look at the Armed Provisional Criminal Act as a whole, or we look specifically at subparagraph 1, which is at issue in this case, or we look at section 2-8 of the code, which is expressly cross-referenced in subparagraph 1, or we look at the elements of armed robbery under the current version of the criminal code, not one of them imposes age requirements. And I think, contrary to what counsel argued a few moments ago in a couple separate ways, I think it's important to note that the decision below, which rejects the defendant's interpretation, is not an outlier. And we cited, I think, about half a dozen appellate decisions in our brief. We could have cited more. We just didn't for space reasons. In which the appellate court has repeatedly held that a prior armed robbery conviction or another prior conviction for some other kind of forcible felony meets the requirements to be a prior qualifying conviction, even if the defendant committed that when they were 17. And the court has reached that decision repeatedly because that's exactly what the plain language says. Now, in terms of some of the arguments the defendant has presented today, I think there's a couple additional points that should be noted. One is that the defendant has really changed his position in a key way that completely undermines his sufficiency of the evidence claim. If you look at what the defendant said in the appellate court or PLA or opening brief, the defendant took the position that under the Armed Habitual Criminal Act, the prosecution is required to prove at trial, and in his case, failed to prove at trial, that either he was at least 18 at the time of his prior offenses, or that hypothetically, if he committed that past offense today, hypothetically, he were a juvenile today, even though he's really 30-something, then hypothetically, he would be transferred to adult court under the current amended birth and juvenile court act. But in his reply briefing today, the defendant said, well, wait a minute, age and this hypothetical jurisdictional element, they're not really elements of Armed Habitual Criminal Act, which is exactly what the people have been saying, exactly what the appellate court said. But by that concession, the defendant has completely undermined his sufficiency of the evidence claim. To state the obvious, if they're not elements of the offense, then the prosecution was not required to prove them at trial. Now, the defendant has tried to reframe his argument a little bit by saying that the Armed Habitual Criminal Act cross-references the Juvenile Courts Act, but that's completely incorrect. The Juvenile Court Act is not mentioned anywhere in the Armed Habitual Criminal Act. It's certainly not mentioned in subpart F1, which is that issue here today. Again, subpart F1 states in its entirety that qualifying offenses include forcible felonies as defined in section 2-8 of the code. The code is the criminal code. The Juvenile Court Act is not part of the criminal code. It's certainly not part of section 2-8 of the code. As the appellate court said, what that plain language directs us to do is to look at the current version of section 2-8 of the code, which defines forcible felonies, and ask, is armed robbery a forcible felony? The answer to that, obviously, is yes. As the appellate court said, defendant is really asking this court to add language to the statute that's not there. In this earlier brief, if we take from what he says in his opening brief, he's asking this court to add an age requirement or a hypothetical jurisdictional requirement, or defendant is asking this court to add this cross-referencing language. But obviously, it's a fundamental rule of statutory interpretation that we don't add language to the statute. And as I think some of the questioning got to, the legislature knows how to add age requirements. The legislature knows how to exempt someone whose prior offense was committed when they were juvenile. We cite a number of examples of that in a brief, and I just mentioned one is sex offender registry laws. Some of them expressly exempt someone who committed their sex offense when they were juvenile. Obviously, there's no such language like that in the statute, and this court should not read that language into the statute. Just to clear up a point that I think counsel may have inadvertently misspoken about, counsel was asked about why there hasn't been an amendment. Certainly, the legislature, if they wanted to impose an age requirement or a hypothetical jurisdictional requirement or wanted juries to consider the Juvenile Court Act, they can amend the statute to add that language, just as they did with the classic sentencing statute that was at issue with Stewart. Here, the general assembly has not done that, obviously. And I think the general assembly's decision not to do that is very telling, because contrary to what counsel said a few moments ago, the overwhelming weight of authority from the appellate court has rejected defense interpretation. The overwhelming weight of authority said that juvenile convictions in adult court are qualifying convictions. So the fact that the general assembly has not amended the statute to add an age requirement, I think suggests that those decisions, which have been issued over the last four or five years, are consistent with what the general assembly wants. And I'll just close by saying, of course, that's what the general assembly wants, because we know the general assembly is very concerned about gun violence, again, particularly threats posed by someone who's a repeat felon. And just to take this out of the abstract a little bit, defendants' prior offense at that issue is armed robbery. He ran up on two people with a gun and robbed them at gunpoint. That is a violent, forceful felony. That is illustrated with someone who has a prior known history of using guns in violent, dangerous ways. Of course the general assembly would be concerned about someone like this having a gun in the future. Of course the general assembly would not want this person to have a gun in the future and would want the act to apply to him. And we know that not just on common sense, but because that's exactly what the plain language says. Unless this court has any other questions, we would ask that you affirm the appellate word statement. Thank you. Counsel, you're on file. Your Honor, contrary to the state's position, I think the state's position misconstrues the argument as well, as that was the problem with Wallace and irrelevant below. What we're saying is that we never said that age is an element of offense or that there is a jurisdictional requirement. And that's why we decided to clarify any misunderstanding that may be. That was our position of why Wallace was wrongly decided. Because the court misconstrued what is, after having been convicted, that language. It actually construed it under, like, Latin terms that don't, Latin language principles that don't reflect time. That phrase, after having been convicted, means it started but didn't end at the time. And based on the plain language, we're not asking the court to add anything. Merely, it's to decide the issue, to decide if there is a conviction, which we never conceded there was a conviction. You need to start the analysis by looking at the language of the subparagraph, which is the forcible felony. Sure, we have not disputed that an armed robbery has been a forcible felony and still is. The statute hasn't been amended in years. Rather, because a juvenile can also be tried and found and adjudicated a delinquent for armed robbery, we also have to consider what court it was tried. And given the fact that juveniles are considered less culpable, the ninth of a 2008 armed robbery is not a good indicator of Mr. Wallace's current measure of dangerousness. Because that is also at play in the purpose of the AHG statute. Again, the fact that there isn't an amendment doesn't necessarily speak— the lack of an amendment does not somehow make the issue— does not make it more—does not lean towards one position or another. Again, because there's no clear signal what the court wants to do, I mean, what the legislator intended to do or how to treat the juvenile adjudications, it could be that— Counsel, the current charge that ultimately ended up here with him having been charged as an armed habitual criminal, what was that offense? He was caught with a gun, right? Yeah, he was caught— So how does that not go to the dangerousness of this person? Okay, so he was caught with a gun during a traffic stop. Yeah, but did he have a FOIA card or a CCL? He did not have a FOIA or a CCL. And he had been convicted of a felony before. And so how does that not go to the dangerousness of this person? And if you could respond to your opponent's argument regarding the legislature's concern about gun violence. This young man had—both of the crimes involved the gun, didn't they? Correct, but this is a merely possessive—the underlying conduct for this offense was merely possessory. He did not— But he had a gun in his possession, and he didn't have a right to have a gun. Isn't that correct? Correct, but it was also—he was carrying it on his person. He wasn't wielding the gun. The state wants to— Does that make a difference? If you have a gun in your possession that's readily available to you, if you haven't yet robbed anybody with it, does it make a difference? I think it does make a difference in this position because the first offense he did use a gun. This one he merely had on his possession, which anybody who wasn't— you know, it is our Second Amendment right to have a gun for self-defense in and outside of our homes. The fact that he shouldn't have— Wait a minute. Are you saying that this—that your client had the right to have a gun? No, no, no, no. I'm just saying that this is conduct that was criminalized merely because of the prior offense he had. No, it was—he didn't have, in this state, to carry a gun outside of your home. What do you need? Avoid a TCL. Okay. And he didn't have one, did he? No, he did not. Okay. But again, it was merely possessory. He did not take the gun out. He did not threaten the police officers with it. So those are circumstances that need to be considered. Because since the armed robbery—and he hasn't really done anything— So is your argument that, well, we should look at the level of— it's not so bad if he had the gun if he wasn't using it. So we should take that into consideration in determining whether or not he qualifies as an armed habitual criminal? Is that what you're arguing? No. What I'm arguing is that given the underlying facts suggests that the armed robbery is not a good indicator of his current level of dangerousness, that that was also part of the purpose of the statute, is not only to curb violence but to address the current dangerousness of an offender. And again, the fact that no language was added— at the time, there wasn't— again, the legislator just might have not felt that an amendment was needed, given the fact that after 2014, these type of offenses, if a juvenile commits them, are not— or used for purposes of armed habitual criminal. If your honors have no additional questions, I will ask this Court to remand and resentence on the lesser-included offense. Thank you. Thank you very much, counsel. This case, number— Agenda number six, number 130173, People v. the State of Illinois v. Deshaun Wallace, will be taken under revised—